GEE, administrator, v. NICHOLSON.

1. Where a debt was due by A. as principal, and B. and C. as securities, to D. and B. for valuable consideration received of A. promises to pay it to D. and fails to do so, by reason of which it is paid by C. A. may maintain assumpsit for C's use, against B. for his failure to pay the debt.
2. In such action, however, a demand due by A. to B. is a good set off.
3. A demand accruing by reason of a failure of the consideration of part of a note previously transferred by A. to B. and ascertained by a decree in equity, is a good set off.
4. A judgment will be presumed to be in full force, though a writ of error be sued out on it, when the record shews no disposition of the writ of error.

IN the Circuit of Wilcox county, in October, 1824, John W. Williamson, who sued for the use of Theophilus Nicholson, brought an action of assumpsit against Joseph Gee, to recover on an instrument, which was as follows:

"Portland, March 14, 1821. Then received of J. W. Williamson, eleven hundred dollars, which sum is the full amount due by said Williamson in the St. Stephen's Bank, which sum of eleven hundred dollars, I am bound to pay into said bank at St. Stephens, as the several instalments may become due; the day and date above written.

"JOSEPH GEE."

The plaintiff declared specially on this agreement, that Gee had received of him the sum of money mentioned in the receipt, and had promised to pay it into the Tombeckbe Bank, and averred that Gee had wholly failed to pay it, or any part, as the instalments became due, by means whereof he became liable to repay it to him. There were also counts for money had and received by the defendant, to the plaintiff's use, money lent and advanced by the plaintiff for the defendant's use, &c. The defendant pleaded non assumpsit, the statute of limitations, payment, set off, and accord and satisfaction. Pending the suit, the defendant died, and Sterling H. Gee was made a party as his administrator. At November term, 1828, the cause was tried.

On the trial, the plaintiff read the receipt sued on, and gave in evidence a judgment obtained in Munroe county, by the Tombecbe bank against J. W. Williamson, Joseph Gee and Theophilus Nicholson,*a* for the same debt; and also a receipt from the sheriff of Munroe county, shewing that the whole of the judgment had been paid by Nicholson. The defendant proved by a receipt signed by Nicholson, that he had paid to Nicholson one half of the amount

*a* The judg't is thus described in the bill of exceptions, but in the transcript produced as an exhibit, it appears to be a judgment rendered against Nicholson alone, though execution issued against all three. The process also was against the three.

he had paid to the sheriff of Munroe, and under the plea of set off, he offered in evidence the record of a suit in Chancery, shewing that Williamson had before that time assigned to Joseph Gee a note made by one Shaw, for $1250. On this note Gee sued Shaw; and obtained a judgment at law. Shaw filed his bill in equity against Gee, and against Williamson, alleging a fraud by Williamson in the consideration of the note. Williamson never answered the bill, and on the final trial the Court of Chancery decreed a perpetual injunction as to $500 of the consideration of the note, and restraining the collection of so much from Shaw, or any interest on that sum. The judgment at law obtained by Gee against Shaw was rendered in November, 1823. On Shaw's bill, an interlocutory injunction was granted for the $500 in the same month. At the April term, 1824, on the answer of Gee, the injunction was dissolved, but at the final trial it was reinstated and made perpetual as before stated. It further appeared that on the 2d of June, 1825, Sterling H. Gee, the administrator, had sued out a writ of error to the Supreme Court to reverse this decree, but no further disposition of this writ appeared in the transcript produced. These proceedings were produced to shew the existence of an actual demand equal to the deficit in the note, as being due by Williamson to Gee's administrator; but the record was rejected as improper evidence. It did not appear that Williamson had paid any thing to the bank or to Nicholson. The defendant's counsel requested the Court to instruct the jury that Williamson could not maintain the action, and that the suit should have been in the name of Nicholson for money paid, laid out and expended, but the Court instructed the jury that Williamson could maintain the action. To these several decisions of the Court, the defendant below excepted. There was a verdict for the plaintiff for $625 93, and judgment thereupon.

The errors assigned by Gee, the plaintiff in error, are, that the evidence of set off was rejected, and the instructions requested by him refused.

a 10 John. R. 250. 3 John. R. 247. 2 T. R. 32. 8 John Rep. 249. 1 Munf. 501. 3 Hay. 195.

HITCHCOCK, GORDON and BAGBY, for the plaintiff in error.[a]

PARSONS & COOPER, for the defendant.

By JUDGE TAYLOR. It appears that Williamson

JANUARY 1830.

Gee, adm'r
v.
Nicholson.

had executed his note to the Tombeckbe Bank, with Gee and one Nicholson as his securities. That some time after this, by an arrangement which was entered into between Gee and Williamson, and for a valuable consideration, Gee executed the instrument of writing on which this action is founded, by which he promised to pay the debt due the said bank, "as the several instalments may become due." The note due to the bank was not discharged in conformity with this agreement, and suit was instituted thereon against the payors, and a judgment, which, from its defectiveness, is totally void, was rendered against Nicholson alone; an execution appears to have been thereon issued against all the defendants, and one half of the amount of the execution was paid by Gee, and the other half by Nicholson. It further appears that said Williamson assigned at another time to the said Gee, a note on one William Shaw; that suit was instituted by Gee against Shaw, and judgment was recovered for the whole amount of this note; that Shaw instituted a suit in Chancery against Gee and Williamson, and upon filing his bill, obtained an injunction on the allegation of fraud in the consideration for this note. The injunction, on the coming in of the answer, was dissolved, and the whole of the money was collected by Gee, but afterwards, on the final hearing of the bill, a decree was rendered perpetually injoining about $800 of said judgment; from this decree, a writ of error was subsequently sued out by Gee's administrator, of the prosecution or result of which there is no evidence. This decree in favor of Shaw, was offered as evidence under the plea of set off, and rejected, and to the opinion of the Court rejecting this evidence, an exception was taken, and it is now insisted, 1st. That there is no cause of action in the declaration; and 2nd. That the evidence should have been admitted.

In support of the first point, it is contended, that Williamson cannot sue on the instrument which is made the foundation of the action, until he has suffered by Gee's default, and that an averment that he has been compelled to pay the debt to the bank, or a part of it, is necessary to sustain his action.

I do not believe this position is maintainable. The instrument itself formed a sufficient foundation for the action. When the agreement contained on its face was violated, Williamson had a right to sue upon it, for he was liable to the bank, and his remedy against Gee was open and plain.

'The other objection, I think, has been well taken. Eight
hundred dollars had been perpetually injoined at the suit
of the payor of a note given to Williamson, and assigned
by him to Gee, upon proof of fraud on the part of Will-
iamson in the inception of that note. The indorsement
was *prima facie* evidence of a full and fair consideration
having passed from Gee to Williamson, when this assign-
ment was made. The decree injoining the collection of a
part of this judgment, gave to Gee a right of action against
Williamson, for the amount injoined, and if the contract
between them at the time the note was assigned, was such
as would prevent a recovery, it would devolve on him to
prove it in defence. Nor is it considered that the disso-
lution of the injunction by the interlocutory decree, and
consequent collection of the money, can vary the cause as
regards the admissibility of the testimony offered. By
the final decree, Gee was bound to repay the money to
Shaw; he might have done so, and that fact he could not
be permitted to prove until he had laid the foundation for
the admission of evidence establishing this fact, by intro-
ducing the record which contained that decree. The su-
ing the writ of error can make no difference. We cannot
presume the decree to be reversed until this is shown by
proof, but must consider it as yet in full force.

Judgment reversed, and cause remanded.

JUDGE CRENSHAW not sitting.