THE ADM'R OF JOSEPH GEE *vs.* JOHN W. WILLIAMSON, for
the use of THEOPHILUS NICHOLSON.

*Error from Wilcox Circuit Court*—Before the Hon. SION
L. PERRY.

A. brings suit against B. on a written promise, for value received, to pay
the debt of A, due to a certain Bank, as the instalments of the same
shall become due : to prove a default on the part of the defendant, the
plaintiff offers, as evidence, a record, showing that in a suit by said
Bank against the plaintiff, the defendant, and another, on a note sign-
ed by them, judgment was taken by confession against the last men-
tioned payor, and an execution issued against all three, which was re-
turned " satisfied," generally; the note being for a less amount than
the debt mentioned in the promise, and due at a different and subsequent
time : Such record does not *prove* a default on the part of the defen-
dant ; and, without other explanatory testimony, is not admissible at
all, as evidence in the cause.

Whatever has been once established in this court, between the same par-
ties, continues to be the law of the case, whether correct on general
principles or not, so long as the facts on which such decision was pre-
dicated, continue to be the facts of the case.

Where a note given upon a defective consideration, is transferred to a
purchaser on a valid consideration, a right of action, to the extent of
the defect, accrues to the transferree immediately. From that time,
such right of action is available as a set off, and is not limited to the
time when the defect in the consideration is established by record evi-
dence.

The indorser of a promissory note, where there is a failure of considera-
tion, is not entitled to demand and notice, to render him liable
to the extent of the failure. He is in that respect, in the situation of a
drawer of a bill of exchange, having no authority to draw, nor any
funds in the hands of the drawee.

This was an action of trespass on the case, brought by
Williamson for the use of Nicholson, against Gee, on a writ-

ten instrument given by the latter to Williamson, acknow-- ledging the receipt of eleven hundred dollars, the amount of a debt then due from Williamson to the St. Stephens Bank, and promising to pay the said bank debt as the instalments should become due. The questions for this court to determine, arise in regard to the admissibility and effect of two records, which were offered as evidence.

One of these records was in the name of the Tombeckbee Bank *vs.* John W. Williamson, Joseph Gee, and Theophilus Nicholson. Gee does not seem to have been served with process. The action was founded on a note from the defendants to the Bank, for nine hundred dollars, dated 23d March, 1821, and due ninety days after date. Judgment was confessed by Nicholson only ; but execution issued against Williamson, Gee, and Nicholson, which was returned " satisfied" generally, without stating who made payment. The plaintiff offered this record to prove a default, and although the defendant objected, it was admitted by the court.

The other record, which was introduced by the defendant, sets forth an action brought by Gee against one Shaw, on a note which Williamson had assigned to Gee, previous to the commencement of the suit now before this court. Judgment was obtained ; but five hundred dollars of the same was enjoined on an alleged failure of consideration. This injunction, though aftewards dissolved, was finally perpetuated. Williamson had been made a defendant in the chancery suit, but the cause was heard *ex parte* as to him.

The defendant, relying on this record, under the plea of set off, the court instructed the jury that it was necessary for the defendant to prove a demand and notice to plaintiff to fix his liability as an indorser, or that there was a failure of consideration ; which facts, the court also charged, or either of them could not be proved by the record relied on. The defendant excepted to this opinion.

The opinions given by the court in regard to these two records are assigned for error in this court.

GOLDTHWAITE, for Plaintiff in error.

As to the introduction of the record of the case of the *St. Stephens Bank* vs. *J. W. Nicholson*, as evidence in the court below, it appears at once, unless some reasons could be shown to the contrary, to be erroneous. The general rule is, that records are not evidence, except between parties or privies. Here the parties are altogether different. And there is nothing in the case which could justify the court in admitting it for the cause for which it is offered. It was offered to prove a default on the part of Gee. It could not prove that fact. A written agreement was the foundation of this action: it should have been shown that the undertakings, therein set forth, were not complied with. Half a dozen records between other parties, could be no evidence of a default. Such records ought not to be admitted, because they might be got up by collusion, against which, he who was no party to them could not guard. A man, for instance, who has been my security, sues me on the ground that he, as security, has paid money for me: he introduces a record where another has sued him and he has confessed judgment. It is no evidence against me; the whole may have been manufactured by him. The record was offered to prove a default. It could not be evidence for that purpose; yet the court admitted it. This is error.

As to the other point : the record offered by Gee, to prove a set off, was admitted, as evidence, by the court. Yet the court instructed the jury, on the application of Williamson's counsel, that this record was no evidence of a right of set off on the part of Gee against Williamson. The court below could not have understood the case. There was no necessity that they should have been wandering in the dark. The light of the Supreme Court shone full upon them. That tribunal had decided in the case of *Gee, Adm'r* vs. *Nicholson*, that this record was evidence of set off in behalf of Gee— 2 *Stew.* 512. The court, I have said, admitted the record as evidence. And yet, if it did not establish the liability of Wil-

Adm'r of Gee   liamson to Gee—and therefore the right of set off in the lat-
vs,   ter, what did it establish? If it did not prove this, it must
Williamson.
have been the most ridiculous mass of nonsense, as to any
pertinent purpose, that ever was introduced in a court of jus-
tice. The court might as well have admitted a ream of
blank paper as evidence in the cause. It was admitted, it
would seem, for no purpose at all; and it was expected of us
to show its application. But the court said that we were
bound to show demand and notice: and this, when we show-
ed by the decree of the court that the liability of Williamson
was established on the ground of gross fraud, and that all the
facts of which notice could have been given were fully within
the party's knowledge! I cannot do the court below the in-
justice, to suppose that the decision would have been given,
that was given, if the case had been understood.

STEWART, *contra.*

To enforce a recovery against Gee, it was necessary to
prove a default on his part. The record which we introduced,
was introduced to prove a default. It was objected to, but
admitted by the court. The bill of exceptions does not say
it was received as evidence to prove a default only, and to
prove nothing else. If we introduced it as evidence to prove
a default, and it is in fact evidence for any other purpose,
there is no error in its admission.

The general rule, that a record of a suit is only binding on
parties and privies, is not called in question. But the rule as
to the introduction of records, not between the same parties,
as evidence, is by no means universal. Such records may
be introduced to establish certain facts, which may constitute
a link or links in the chain of testimony necessary to a reco-
very—1 *Wheaton's Digest,* 163—4 *ib.* 213, 220. These ca-
ses prove that when such record is not evidence *per se,* it may
yet be evidence as a link in the chain of testimony necessary
to be established. The material facts which the record went
to prove was, that there was a judgment, formal or informal,

in that suit in which Williamson was defendant, the amount <span style="float:right">Adm'r of Gee<br>vs<br>Williamson.</span> of that judgment, and that it was paid.    Other facts might be necessary to make out the case.    The court did not charge that the record *proved*—that it *established* the default : but merely decided that it was admissible.

In regard to the other point : It was attempted on the part of Williamson, to use the record introduced by him of *Gee* vs. *Shaw, &c.* to establish his right to a set off.    If the counsel will attend to dates, he will find that, at the time of the commencement of the suit, he had no cross demand.    The injunction which Shaw had obtained against Gee had been dissolved, and had not at that time been re-instated.

The record, however admissible it may have been to prove some fact which might have been material in a chain of testimony, could not establish a set off ; it could not prove Williamson's liability ; because Williamson was not a party to it. His being nominally a party, makes no difference.    He should have had notice of the suit : he might have established a sufficient consideration.    Notice was therefore necessary to make the record evidence for the purpose sought—1 *Payne*, 549, 554.

That the court in that case, gave judgment against Williamson for costs, does not make him a party.    The judgment seems to have been without any sufficient reason.    It is like the famous case before the Cherokee chief, who directed that both parties should be whipped, and that the constable should pay the costs.    The decree recites that the cause was heard *ex parte* as to Williamson.    But if Williamson had been a party, what would the record prove ?    Gee and Williamson were defendants : the court could only grant relief or refuse it ; they could not regulate and determine the rights between co-defendants.

GOLDTHWAITE, in reply.

The record, offered by Williamson to prove a default on the part of Gee, was admitted by the court for that purpose.

This error is not cured if it could be shown that the record was admissible for some other purpose. It was admitted (we objecting at the same time,) to prove the default complained of in the declaration. It matters not whether it was admitted as absolute or *prima facie* evidence : the former kind becomes absolute if not contradicted.

As to the other record, it is contended that Williamson was not a party. This is urged on the ground that he was never served with process. It has been decided in this court that a party who has not been served with process, otherwise than by the attachment of his goods and chattels, is bound by such service, unless he show that he had no notice. 2 *Stewart*, 399,

But is it contended that in all proceedings in chancery, the decrees which are taken *ex parte* have no effect? These were proceedings of a court having plenary jurisdiction : and a decree made against one, as a party, will not be presumed to have been made without authority. The decree is not reversed. If execution for costs, in pursuance of this decree, were to issue againt Williamson, would he have any remedy? How then can it be contended that he is not a party ?

But it is said that this decree establishes nothing. It establishes that Williamson committed a fraud against Shaw ; and that Gee failed, to the extent of the sum enjoined, to get the amount of money which he was to receive by the transfer of Shaw's note, The law establishes the rest, and makes Williamson liable to Gee to the amount which he lost in that transaction.

The cross demand existed at the time of the commencement of the suit: although the evidence of the amount of that demand may not have been available until afterwards. It matters not how short a time previous to the trial this evidence may have become available. Suppose there had been no decree ; but that Gee had proved on the trial all the facts set out by Shaw in hisbill, would they not have furnished good cause of set off?

By Mr. Justice THORNTON:

This cause was once before brought up by writ of error to this court; and was reversed and remanded.[a]

Adm'r of Gee
vs.
Williamson,
a2 Stew. 512.

The declaration contains, in addition to the common counts in assumpsit, one upon a writing of the intestate of the plaintiff in error, described in said count as an agreement or writing, dated the 14th of March, 1821, under his hand, acknowledging that he had received of the defendant in error, Williamson, the sum of eleven hundred dollars, which was the full amount due by said Williamson in the St. Stephens Bank, which said sum of eleven hundred dollars, the said intestate, in the aforesaid certain writing or agreement, undertook and promised said Williamson to pay, into the St. Stephens Bank, as the several instalments of the said eleven hundred dollars should become due. This special count concludes with the breach—" Yet the said Joseph Gee, (the plaintiff's intestate) not regarding his promise and assumption so by him made as aforesaid, has not paid the said sum of eleven hundred dollars into the St. Stephens Bank, as the several instalments in said Bank, on that sum, fell due," &c. The error assigned is, that the court erred, as stated in the bill of exceptions. Upon examining the bill of exceptions, we find two matters excepted to. First, the admission of a record of the Circuit Court of Washington county, of proceedings had in that court in favor of the Tombeckbee Bank, which discloses a judgment had against the *cestui que use* in this action, on a note for nine hundred dollars, payable to the said institution, dated on the 23d day of March, 1821, and signed by J. W. Williamson, Joseph Gee, and said Theophilus Nicholson. The exemplification further shows, that on this judgment an execution issued against all the said obligors, which is returned by the sheriff, " satisfied," generally, without specifying who paid it. The bill of exceptions states this ground of error thus—" On the trial of this cause, the plaintiff offered in evidence, the exemplification annexed and marked A, to prove a default by the defendant's testator, in his contract as declared;

Adm'r of Gee
vs.
Williamson.

same." If the just import of this language is, that that the record offered constitutes proof of a default in performance of his contract, by the intestate, (which is not a very strained construction) there can be no doubt that the exception was well taken; for the defendant's intestate, was no party to to those proceedings, and should not be concluded by them, as the matter of his performance of his contract, even though they were had, upon the same debt to the Bank, which his contract had bound him to discharge. But not preceded by, or at least not accompanied by any explanatory testimony, this record was not only no evidence of a default, but was wholly inadmissible as any evidence at all. The contract declared on, is of the 14th March, 1821, and binds the defendant's intestate to apply a certain sum of money to the discharge of that amount, then due by the said Williamson to the St. Stephens Bank, as the several instalments thereof may become due. Now the note to the Bank, which is the foundation of the record and proceedings admitted as testimony, is the note of the said Williamson, Nicholson and intestate, for the sum of nine hundred dollars, dated the 28th of March, 1821, and payable ninety days thereafter. For this cause, without more, the judgment should be reversed.

As however, the matter of the other exception, touching the effect of the record designated B. in the bill of exceptions, may be agitated again, in any new trial which may take place, we feel called upon to decide in relation to it also.

This record is voluminous, but a short statement of its prominent features will suffice. It appears from the exemplification, that some time before the institution of this action, Williamson, the defendant in error, had assigned to the intestate Gee, a promissory note upon one Shaw. Judgment being had thereon at common law, Shaw filed a bill in equity, praying an injunction, which was granted also, before the issuance of the writ in the cause before us. This bill, which made both Williamson and the intestate Gee, parties

defendants, sought relief on the ground alleged of fraud in the consideration of said note, practiced by the said Williamson, occasioning a failure thereof. After many things done in the progress of this chancery cause, which are deemed unnecessary to be noticed, a final decree was pronounced in April, 1825; which, (after reciting, that in conformity to orders theretofore made, the cause was heard ex parte as to Williamson, on the bill, answer of Goo, and also testimony,) perpetuated the injunction, and decreed the costs against Williamson. The defendant in the court below, introduced this record, under the plea of set off; and thereupon charged the jury, that it was necessary for him " to prove reasonable notice to the plaintiff, to fix his liability as endorser, and that there was a failure of the consideration of said note, which facts, nor either of them, could be proved by this exemplification"—which charge is assigned for error.

This cause having on a former occasion been before this court, it behooves us to examine, what principles were then settled ; for it is well established, that whatever has been once established in this court, between the same parties, in the same case, continues to be the law of the case, whether orthodox or not, so long as the facts, of which such legal principles were predicated, continue to be the facts of the case. We are not authorised to presume that this record is not the same which was offered on the former trial. We will not suppose that there were two of perfect similitude, and that this is that other, and not the one formerly attempted to be used under the plea of set off. Then as I apprehend, the effect of this very record has been settled by the former opinion of this court ; so far at least, as to conclude one of the grounds charged by the court, as not proved by the exemplification—that is, the failure of consideration. But if the former opinion should be considered as only settling the admissibility of this proceeding, notwithstanding that its admissibility is deduced in that opinion, mainly, from a conside

41

ration of its effect ; yet I would consider the charge to be er-roneous.

Without proof, that the terms of this assignment were such as to prevent it, I think a right of action accrued to the intestate, Gee, immediately upon the transfer of the note upon Shaw ; for at that very time, the consideration of the assignment had failed, and a liability arose, to the extent at least, to which the transferred note was rendered void by the fraud of Williamson.

It is true that record evidence did not then exist of this failure of consideration ; but the doctrine on this head, is not that nothing shall be used as a set off, the proof of which transpires after action brought, but that the right to set off as a debt due only, shall have been acquired before that time. Now this note upon Shaw had been assigned, and its collection enjoined by the fiat of a chancellor, prior to the institution of the present action ; and its consideration had also failed, though the conclusive evidence of that fact, which this record discloses, was not then in existence. As to the demand and notice, it is only suggested in the charge as an alternative requisition, admitted very properly to be unnecessary where failure of consideration appears. The payee of a note, indorsing it, is like the drawer of a bill of exchange, and the maker like the drawee. Now, want of funds, or authority to draw, supersedes demand and notice.

Let the judgment be reversed, and the cause remanded.