## HAGERTHY v. BRADFORD.

1. The mere circumstance that the maker of a note, not commercial, has a set off against the payee, does not dispense with the necessity for the indorsee to sue to the first court to charge an indorser who is not the payee.

2. When the error of a charge is made to appear, the judgment must be reversed, unless it clearly appears from other parts of the record, that no injury has resulted from the error; and the fact that the jury has returned a verdict for the entire sum sued for, is not sufficient to prevent a reversal, although that verdict would be correct only in the event they found on a point in the cause with which the erroneous charge was not connected.

3. When an indorsee sues the maker of an indorsed note, and notifies the indorser of the pendency of the suit, or advises him of any defence interposed, this will make the verdict conclusive against the indorser, if the maker is discharged, and it cannot be controverted when the indorser is sued.

4. When no notice is given and the maker succeeds in defeating a recovery on the merits, the judgment is in all cases, *prima facie* evidence in a suit of the indorsee against his indorser, and it rests with the latter to show the defence interposed by the maker is invalid.

Error to the Circuit Court of Montgomery.

Assumpsit by Bradford, as the indorsee against Hagerthy as the indorser of a promissory note, made by one Pou, dated first July, 1838, payable twelve months after date for $1100, to Harbin & Harris, and by them indorsed to the defendant, who indorsed it to one Williams, who indorsed it to the plaintiff.

The parties went to trial on an agreement that the plaintiff might file a declaration in the usual form, on the indorsement, with the common counts; also, under which the parties respectively should be permitted to prove any matter on the trial which would be admissible on pleas and replications properly pleaded.

At the trial, under this agreement, the plaintiff read in evidence the note with its indorsement, as declared on. Also, the record of a suit against the plaintiff by Pou, the maker,

commenced in Tallapoosa county, in August, 1839, which was afterwards dismissed. Also, the record of another suit, commenced in October, 1839, in Macon county, by the plain. tiff against Pou, in which a recovery was had on the note for $190 67, on which judgment a *fi. fa.* appears duly issued, and returned *no property found.* The plaintiff then proved, that Pou, at the time of the commencement of the first suit, .resided in Tallapoosa county, but before the writ was returned *non est* removed to Macon county, where he resided when the second suit was instituted. He then put in evidence the note which Pou pleaded as a set off to the action, which is made by Harbin & Harris, 25 August, 1838, payable to Pou for $950, on the 1st January, 1839, with interest from date, and proved that the same was offered as a set off by Pou, in that suit, and allowed and established. It was farther in evidence, the signature to this note was in the handwriting of Harbin, who a short time previous to making it, was in co-partnership with one Harris, under the name of Harbin & Harris. It was also in evidence, that before, at and after the maturity of the note sued on, Pou resided iu Tallapoosa county. It was also in evidence, that the plaintiff continued the suit against Pou at its first trial term, on account of the set off interposed, and that afterwards, in time to have procured evidence, his counsel met with the plaintiff in Coosa county, and informed him of the condition of the suit, and that the defence had been interposed; the plaintiff immediately went in search of the defendant, and returned with him, when the counsel also informed the defendant of the same facts, and inquired of him as to his knowledge or information in regard to the defence. The defendant expressed entire ignorance of the existence of any such defence, and then said, that Williams, the last indorser probably could furnish some information, and it was then understood between the parties, that the counsel should see Williams on the subject, and communicate the same facts; and unless the set off was defeated, it would prevent a recovery, *pro tanto.* Further than stated, there was no evidence that the plaintiff required or expected the defendant to procure testimony in the cause against Pou, or to attend to or prosecute the same, and there was no evidence that he did attend to or prosecute the same.

The defendant then gave evidence to show, that in 1838, Pou resided in Macon county, and continued there until 1841, when he removed from the State. It was further in evidence, that the note pleaded as a set off to plaintiff's suit against Pou, was made after the dissolution of the firm of Harbin & Harris, and had no relation to the business of that firm, and was made without the authority, knowledge, or consent of Harris, the other member of the firm; but of this dissolution no notice was given, and that previous to Pou's receiving the note, he had notice that the transfer of the note made by him, was intended, but there was no notice of its actual transfer.

On this state of proof the court charged, the jury—

1. That under the counts for money paid, &c., if the jury believed the note set off by Pou, in the suit against him, was a set off in his hands, at the time of the transfer to the plaintiff of the note indorsed by the defendant, this circumstance would dispense with the necessity for the plaintiff to sue Pou to the first court of the county of his residence, and would entitle the plaintiff to a recovery to the extent of the set off.

The defendant requested the court to charge the jury—

2. That if the information given to Hagerthy, of the plea of set off, was given only in the way of inquiry, and not as notice to him to attend to the suit against Pou, then the defendant might show, the note allowed as a set off was not in fact a set off; and if they were satisfied that the note was not a set off, then the plaintiff could not recover the amount of that note. This was refused, and the court instructed the jury —

C That if the information given to the defendant, of the set off, was not intended by the plaintiff as a notice to attend to the suit against Pou; or was not given in such a manner as to signify to the defendant, that the plaintiff would expect the defendant to attend to that suit, then the defendant was not bound by the verdict in that suit, and might show the note offered then as a set off, was in fact no set off; and if, under the circumstances, they were satisfied that note was not a set off, the plaintiff was not entitled to recover its amount.

72

The refusal to give the charge asked, as well as those given, were excepted to by the defendant, and are now assigned as error.

ELMORE, for the plaintiff in error, insisted that the existence of a set off against the payee of an assigned note, will not dispense with the diligence required by the statute. The fact of set off will not dispense with demand and notice, when the paper is negotiable. [Rathbone v. Bradford, 1 Ala. Rep. 314; Riddle v. Rourke, Ib. 395; Ryland v. Bates, 4 Ib. 343; Bates v. Ryland, 6 Ib. 667.]

J. E. BELSER, contra, argued—

1. The charge first given, is sustained by many authorities. [2 Verm. 193; 9 Mass. 1; 2 Stew. 512; 1 Porter, 313.]

2. The charge asked for is less favorable than the one which the court gave, in response to the defendant's request, and the court would not reverse in such a condition of the charge. [1 Ala. Rep. 452; 7 Ib. 162; Yarborough v. Moss, January term, 1846.]

3. It was unnecessary for the plaintiff to show any thing beyond his failure to recover, as the suit against Pou is conclusive against the indorser. [5 Pick. 380; 2 Hay. 351; 14 Johns. 81; 4 Ala. Rep. 707; 7 Ala. Rep. 27; 6 Wend. 620.]

4. The verdict being for the entire amount of the note, shows that the jury determined the residence of Pou was in Tallapoosa, when sued there, and therefore if there is abstract error in the first charge, the court ought not to reverse, inasmuch as the error has not entered into the verdict. [3 Ala. Rep. 599.]

GOLDTHWAITE, J.—1. The suit which the assignee of notes, not negotiable as commercial paper, is required to commence against the maker at the first court to which he can be sued, in the county of his residence, (Dig. 383, § 12,) has always been understood to have the same relation to the indorser's liability, as demand and notice has, when the paper is negotiable, or commercial. [Ryland v. Bates, 4 Ala. Rep. 343.] From the very nature of this contract, by the

indorser, there must be many exceptions to the rule provided by the statute, but we are not aware, that the fact of a set off against the payee, who is not also the indorser, is one. The circumstance that such a set off exists, does not enter into the consideration of the note, nor, in general, is it an equity which attaches to it. The cases cited by the plaintiff's counsel, so far as we have had opportunity to examine them, do not reach the case of a set off, but show, that when the consideration of the note fails, or is illegal, this may sometimes excuse the omission to give notice, and by analogy, the omission to sue. [Gee v. Williamson, 2 Stew. 512; S. C. 1 Porter, 313; Carl v. McDougall, 9 Mass. 1.] We say may sometimes excuse, because it is by no means clear, that it will be so when the suit is against an indorser who, as here, is not the payee. There is a very strong reason why set off should not stand on the same ground with failure of consideration, illegality or other defence, inherent to the note, and that is, the party is not obliged to avail himself of the privilege of set off, but may, when he chooses, resort to his cross action. Upon the best consideration we can give this question, we think the existence of a set off against the payee who is not the indorser, does not relieve the holder from his obligation to sue at the first term.

2. In this connection, we shall notice the argument that the finding of the jury is for the entire sum of the note, from which we are called to infer the erroneous charge, did not in fact enter into the verdict which, as the counsel insists, must have been returned on the contested point as to the residence of the maker, when the suit was instituted against him in Tallapoosa county. It may be the jury determined so, but the answer to the present argument is, that the fact cannot certainly appear to us, and even in the event the verdict was improper, the court below might not have felt bound to award a new trial. As error is clearly shown in one part of the case, it can only be relieved by other disclosures in the record, showing, beyond a reasonable doubt, that injury did not result from the error. [Shehan v. Hampton, at this term.]

3. Upon the other point in the case, we omit to scrutinize the correctness of the charge asked for, as well as that given

in lieu of it, and shall deem our duty discharged, in stating what rules govern the remedy against the indorser, when the assignee fails in maintaining his suit against the maker, commenced in accordance with the statute. If the analogy between the suit under the act, and demand and notice, is carried to the extent of holding, that the mere want of success against the maker, will authorize a recovery against the indorser, and preclude him from showing that the defence was improperly allowed, in cases where no notice was given of the pendency of the action, it would possibly introduce mischiefs which never were contemplated by the framers of the law, and permit a recovery, when the loss of the suit against the maker is entirely the result of either negligence or mismanagement. On the other hand, the remedy will be almost valueless, if the party is compelled to enter into a new contest with the indorser, and be obliged to prove over again the defence of the maker. Warranties of personal property will more appropriately furnish the analogies by which the remedy of the indorsee is to be governed in the absence of direct decisions, or statutes similar to our own. The general rule is, that when a suit is commenced by a stranger, and notice is given to the warrantor, he is responsible for the damages recovered, and is concluded by the verdict. We think the same rule must apply when the indorser is notified of the pendency of the suit against the maker, or advised of any defence interposed; as, with respect to the action, he occupies a very similar position with a vendor. [See Salle v. Light, 4 Ala. R. 700, and cases there cited; Gardner v. Goodloe, 2 Hayw. 351.]

But what is the rule when no notice has been given? In Scales v. Wilson, 9 Leigh, 473, the assignee of a bond in Virginia, submitted his action against the obligor to arbitration, and it was awarded in favor of the obligor, on account of sets off against the assignor. On a suit against the assignor, he insisted he was not bound by the judgment on the arbitration; but the court held, it was *prima facie* obligatory on him. In Train v. Gold, 5 Pick. 380, one not connected with a suit, had undertaken to indemnify an officer for a levy, and he was held *prima facie* bound by a judgment against the officer, although obtained without notice to the indemni-

tor. These cases will authorize us in the conclusion, that the judgment in favor of the maker, upon the merits of the note, is in all cases *prima facie* evidence against the indorser, and that it rests with him to show, the defence then interposed was invalid. Without further extending our opinion, it is likely what we have said will suffice for the decision of this cause when tried again.

For the error noticed, the judgment is reversed and the cause remanded.