## LLOYD v. PACE.

1. An assignee of a note cannot recover of the assignor usurious interest, which in a suit by the assignee against the makers of the note, had been deducted from it, the assignee being a party to the contract, by which the usury was reserved.

2. An assignor is not responsible to to the assignee, for any improper allowance made to the makers of the note, upon their plea, in a suit against them by the assignee.

Error to the Circuit Court of Talladega.

ASSUMPSIT by the plaintiff, against the defendant in error.

From a bill of exceptions, it appears the following facts were in evidence. About the year 1839, the defendant held a note on one Berry Pace, which he transferred to one Simonds, and indulged him upon it one year, on his giving him sixteen per cent. *per annum;* at the end of the year he indorsed the note to plaintiff.

Soon afterwards, Berry became in failing circumstances, and the defendant, to get control of the note of Berry, executed his own note to the plaintiff, with Simonds as surety, and to obtain indulgence another year, sixteen per cent. was added in the note. One Carlisle had become honorably, but not legally bound to see the Berry note paid to Pace.

At the maturity of the note of Pace and Simonds, the plaintiff threatened suit, to prevent which the defendant procured Carlisle, with one Robertson as his surety, to execute notes for the amount of the Berry note, with sixteen per cent. added, for indulgence for a year. These were indorsed by defendant, and handed to the plaintiff, who thereupon surrendered the note executed by the defendant and Simonds. The Berry note was then handed to Carlisle.

Lloyd sued Carlisle and Robertson on the notes, before a justice of the peace. They defended on the plea of usury, and the justice allowed them a discount on the notes, amounting to $190, being about $70 beyond the sixteen per cent. added in them. The action was brought to recover the sum thus allowed by the justice, as a discount upon the notes.

The court charged the jury, that if they found that the notes of Carlisle and Robertson were made by an agreement between the plaintiff and defendant, to carry usurious interest, and the former agreed to receive them from the latter, and did receive them pursuant to the agreement, and to obtain delay for another year, then the plaintiff cannot recover of the defendant, any sum which Carlisle, and Robertson, may have had allowed as a defence upon the ground of usury.

That the sum allowed by the justice, to Carlisle and Robertson, is *prima facie* to be considered correct; but if the jury were satisfied that too great a sum was allowed them, the remedy of the plaintiff was to have that judgment reversed and corrected; he could not recover the difference of the defendant. These charges were excepted to, and are now assigned as error.

Morgan, for plaintiff in error.

L. E. Parsons, contra.

ORMOND, J.—The plaintiff, as assignee of certain notes, seeks in this action to recover from the defendant as assignor, a portion of the amount which the notes called for, which he failed to recover from the makers. There can be no doubt that the indorsement of a note by the payee, is in law an assertion that the amount it calls for is due from the ma-

ker, and if he succeeds in making a just defence to the re-covery, of either the whole or a part, the assignor would be liable to the assignee for the amount.

This question was considered in Hagerthy v. Bradford, 9 Ala. 567, and it was there held, that if the assignee gave the assignor notice of the defence set up by the maker, the judgment would be conclusive against him, in an action by the assignee. If notice was not given, it would be *prima facie* evidence only, casting on him the burthen of proving, that the defence set up by the maker was invalid.

The defence which it appears was made to the recovery by the maker, was the plea of usury, which, under our statute, if made out by the proof, would entitle the defendants to a reduction for the amount of the usury, and restrict the recovery to the principal only of the debt. This would doubtless go to the merits, and ordinarily would entitle the assignee to recover of the assignor. But in this case, it appears, the plaintiff was a party to the usurious contract, and that the notes of Carlisle and Robertson, which were made for the purpose of being substituted for the notes which the plaintiff previously held on the defendant and Simonds, were by an agreement between him and the defendant, made to carry interest at the rate of *sixteen per cent.* for the year they had to run to maturity. The usurious contract was made at his instance, and was for his benefit. To permit him after a successful defence by the maker, on the plea of usury, to turn round and recover of the defendant, would be to give effect to the usurious contract—to do that by indirection, which the law forbids to be done directly. As it respects the usurious interest, it is very clear he could not recover of the defendant.

It also appears, that the makers of the notes, when sued by the plaintiff, succeeded in reducing the recovery of the plaintiff $70, in addition to the amount of usury included in the notes, and if the defendant had been notified of the defence, and required to prosecute the suits, the recovery would have been conclusive against him. But as it appears that this reduction beyond the usury was not a valid defence to

the notes, the assignor was not responsible for the error committed by the justice of the peace. The case was properly left to the jury by the court, upon that hypothesis, and its judgment must be affirmed.