## GOLD and SILL ads. BISSELL.

In justices courts, where summons is the regular process, a warrant without oath, is irregular and void. The justice has no jurisdiction over the person of the defendant, and all parties concerned in an arrest under such process are trespassers. A warrant without oath, founded on the return of a summons served by copy, issued one year after the summons, is not justified by the statute. The warrant should issue within a reasonable time; and it would seem that twelve days would be considered such reasonable time. Where a plaintiff delayed 70 days in such a case, before he issued a warrant, he was held to be out of court, the arrest under it adjudged unlawful, and an action of false imprisonment sustained against him. A manual touching of the body or actual arrest, is not necessary to constitute an arrest and imprisonment; it is sufficient if the party be within the power of the officer and submits to the arrest. A party in a justice's court is not accountable for the issuing of process, unless he directs or sanctions it. Though a party having a justification will lose his defence by joining in a plea with another not entitled to justify, still a verdict cannot be rendered against him, unless he is proved guilty under the plea of the general issue.

THIS was an action for false imprisonment, tried at the Oneida circuit in October, 1826, before the Hon. Nathan Williams, one of the circuit judges. The declaration was in the usual form; plea, the general issue by the defendants jointly, with notice of special matter. It appeared in evidence, that the defendants presented a note to a justice of the peace, against the plaintiff for collection; that on the 7th July, 1824, the justice issued a summons in favor of Gold and Sill, against Bissell, which was delivered to a constable and returned served by copy. On the 7th July, 1825, the justice issued a warrant in the same suit, on which Bissell was arrested; the arrest was made by a constable calling on Bissell and informing him of the process he had against him. Bissell went with the constable about half a mile, when he procured a person to engage that he would appear before the justice on the next day. On the next day he did appear, and Gold, one of the defendants in this cause, was notified of the fact, and a student in his office, by his direction, attended the trial. Bissell objected that being a freeholder and having a family residing in the county, process of warrant could not legally issue against him without oath being made in conformity to the directions of the statute, and that the issuing and return of a summons served by copy in July, 1824, did not authorize the issuing of a warrant in July, 1825, as a continuation of the suit. The justice overruled the objection and gave judgment for

Gold and Sill. It was further proved, that the plaintiff was a freeholder at the time of the issuing of the warrant, and that it was issued without oath. The justice testified that he could not recollect whether or not Gold and Sill, or either of them, had given him explicit orders to issue the warrant.

The judge ruled that the warrant had been irregularly issued; that the imprisonment was sufficiently proved; that Gold, by appearing, had made the trespass his own ; and submitted the question, whether Sill, the other defendant, was guilty or not, to the jury. The jury found a verdict for the plaintiff against both defendants. On application for a new trial, the case which had been made was submitted on written arguments.

*S. A. Talcott,* (attorney-general,) for defendants. There was no irregularity in issuing the warrant. After an execution issued in a court of record, there is no need of a *sci. fa.* to revive the judgment. Continuances may, at any time, be entered on the roll. So of *capias,* to save the statute of limitations, it may be continued, as a matter of course, for years.

If the warrant was irregular, there was no actual arrest sufficient to maintain an action for an assault and battery and false imprisonment. (2 *Bos. & Pul.* 211. 3 *Campb.* 139. 1 *Salk.* 79.)

If there was a sufficient arrest, the action should have been against the justice, and not against the defendants. It does not appear that they directed the issuing of the warrant, nor is there proof of their knowledge that it *irregularly* issued. Gold might have supposed the warrant had issued upon a return to a recent summons. (2 *Johns. C.* 49, 51. 3 *Johns. C.* 84, 5. 7 *Cowen,* 249.) To render Gold liable as a trespasser *ab initio* by subsequent assent, the assent must be clear and explicit, and founded on a full knowledge of the previous trespass. (9 *Johns. R.* 117.)

If the assent of Gold rendered him liable, it could not affect Sill, who is not shewn to have had any knowledge of the transaction. The authority of a joint creditor or partner does not extend so far, as to authorize one of the creditors

or partners to render his fellow creditor or co-partner a trespasser, merely by consenting to be so considered himself.

*J. A. Spencer*, for plaintiff. The justices' court act contemplates a speedy course of proceeding. Twelve days are given for the return of a summons. An adjournment cannot extend beyond three months; ninety days for delay of execution, and ninety days more for return. If the summons is not served personally, and the defendant does not appear at the time and place appointed, nor shew good cause for not appearing, *then* the justice is authorized to issue a warrant, such is the language of the act. (*Statutes,* 6th vol. c. 281.) There is no analogy between the proceedings in a justice's court and courts of record, as to the continuance of process. There is no record in a justice's court upon which the continuances can be entered; the proceedings must be followed up strictly, or the suit is discontinued. (*5 Johns. R.* 353. *20 Johns. R.* 309.)

A manual touching is not necessary to constitute an arrest and imprisonment. It is enough that the defendant submits to the authority of the officer who has process to arrest him.

The defendants are answerable for the illegal arrest. Instead of disaffirming the act, they sent an agent to appear for them and prosecute the suit, who took a judgment, notwithstanding the objection to the arrest. Though the justice could not recollect *explicit* orders to issue the warrant, he did not say that he issued it of his mere volition. The defendants cannot allege ignorance of the irregularity of the process. They knew that a warrant could not legally issue, unless the requirements of the statute had been complied with; and the contrary not appearing, the law will imply that it issued on their application.

The defendants having joined in the plea and notice of justification, one being convicted of the trespass, the other has lost his defence. (*2 Caines,* 108. *7 Cowen,* 330.)

As to the right to maintain the action, 11 *Johns. R.* 444; 12 *Johns. R.* 257; 3 *Cowen,* 206.

*By the Court,* SAVAGE. Ch. J. A motion is made for a new trial on several grounds. 1. It is contended that the

UTICA,
Aug. 1828.

Gold
v.
Bissel.

warrant was regularly issued; that the justice having once issued a summons, and that being returned served by copy, he may issue a warrant as a continuance of that suit, at any time during the continuance of his commission. The statute directs, that the first process against freeholders and inhabitants having families, shall be by summons; "but if such summons was not served personally, and the defendant does not appear at the time and place appointed in such summons, nor shew good cause for not appearing, then the said justice shall issue another summons or warrant against such defendant at his option." (*Statutes, 6th vol. c.* 281.) In all other cases, a warrant against a freeholder or inhabitant having a family, must be granted upon oath according to the act, except in favor of a non-resident plaintiff.

In cases where summons is the regular process, a warrant without oath is irregular and void. Without the oath, the justice has no jurisdiction over the person of the defendant; and all parties concerned in an arrest under such process, are trespassers. If the warrant in this case was issued as the first process in the cause, no doubt it must be held irregular and void; but it is supposed to be justified by the statute, in consequence of the previous issuing and service by copy of a summons. Had the summons been personally served, the plaintiff must, upon the return of it, have taken some further proceeding in the cause, or the cause would have been discontinued; but if the ground assumed by the defendants be correct, after a service of a summons by copy, the plaintiffs may omit any further proceeding for twelve months or twelve years, if the justice should remain in commission, and yet the suit continue.

The legislature, I apprehend, never intended to make such a law; nor have they. It is not stated within what time the plaintiff shall be at liberty to proceed by warrant, after the return of a summons served by copy. It may be done, no doubt, as soon as a reasonable time for the defendant's appearance has expired, without an appearance. How long this privilege continues, we can only infer from the policy of

the act, and the general course of proceedings before justices.

The defendant is not compelled to appear, though he may do so, upon a service of a summons by copy. If he does not, the plaintiff can compel his appearance by another summons, or be in a situation to take judgment upon personal service. But the legislature seem to have thought, that if the defendant did not choose to appear upon service by copy, the plaintiff ought not to be delayed for twelve days longer, before he could make any progress in the suit, and therefore authorized the issuing a warrant *instanter*. But if the plaintiff chooses to delay issuing a warrant for twelve days after the return of service by copy, I can see no reason arising out of the statute, why he should not proceed again by summons, and the suit be considered a new suit.

It is somewhat singular, that there is no reported case deciding how long the privilege of issuing a warrant continues. The practice, I presume, has been to issue the warrant on the day of the return of the summons.

In the case of *Van Rensselaer* v. *Granger*, decided several terms past, a warrant had been issued on the day when the summons was returned, served by copy, and after the defendant had neglected to appear ; and one question was, whether the issuing the summons or the warrant was the commencement of the suit, we held there was but one suit, commenced by the summons and continued by the warrant.

In the case of *Babcock* v. *Ely*, decided May term, 1825, the question now before the court was considered, and in my judgment decided. In that case, Ely had sued Babcock by summons before a justice. The summons was regularly issued, and on the 23d November, 1821, returned served by copy. On the return, no demand being made for a summons or warrant, the justice, without the knowledge of the plaintiff, supposing the suit at an end, entered under the title of the cause that the plaintiff appeared, but the defendant did not ; and that the plaintiff was indebted for costs, and charged him 12 1-2 cents for judgment, and subscribed his name thereto, which was his custom when a suit was disposed of. On the 2d February, 1822, the justice issued a

warrant in the same cause without oath, the defendant being an inhabitant having a family. Babcock sued Ely for false imprisonment, for the arrest upon this warrant, in Monroe common pleas. On the trial in that court, the plaintiff was nonsuited; but on error brought to this court, we reversed the judgment of nonsuit, holding that the plaintiff before the justice, by his delay, was out of court, and could not legally proceed by warrant without oath. In that case the plaintiff had neglected to proceed for more than two months. Here twelve months exactly elapsed between the issuing of the summons and the warrant. In the former case, the justice made an entry, shewing his understanding that the suit was at an end. No such entry was made in this case. But holding as I do, that the plaintiff before the justice is bound to make his election in a reasonable time, and that no reason can be drawn from the statute for extending that reasonable time beyond twelve days, I do not consider the entry of the justice as material. On this point, therefore, I am of opinion that the issuing of the warrant was irregular and illegal.

2. It is said there was no arrest; and some cases are cited to shew that submission to process without compulsion, is no arrest nor imprisonment. Yet we understand the law to be well settled, that no manual touching the body, or actual force is necessary to constitute an arrest and imprisonment. It is sufficient if the party be within the power of the officer and submits to the arrest. Such was the fact in this case.

3. The only remaining question is, whether these defendants are liable for the illegal arrest and detention of the plaintiff? The justice issued the warrant; but whether the plaintiffs in that suit, or either of them, gave explicit orders, he does not recollect. He leaves us to infer that he issued the warrant without orders. In *Percival* v. *Jones*, (2 *Johns. C.* 51,) this court said, " While the justice acts ministerially, or as clerk of the party, he will be justified in issuing any process within his jurisdiction, that may be demanded by the plaintiff. But in order to charge the plaintiff in the suit, it should appear that it was really his act. It ought not to de-

UTICA,
Aug. 1828.

Gold
v.
Bissel.

pend on the general intendment of the law, that every writ or process is purchased by the party in whose favor it issues. If it appears to be the officious or voluntary act of the justice, without any direct authority for that purpose, an innocent plaintiff ought not to be implicated." So, also, in *Taylor* v. *Trask*, (7 *Cowen*, 249,) it was held that a party in a justice's court is not accountable for the issuing of process, unless he directs or sanctions it ; and a different relation was supposed to exist between the party and the justice, from that of client and attorney in courts of record,

4. It becomes necessary, then, to inquire, whether the plaintiffs before the justice, the defendants here, sanctioned the conduct of the justice in issuing the warrant. Mr. Gold undoubtedly did. When he was notified by the constable, he sent his clerk to attend the trial. The objection was expressly taken on the trial, and opposed by Mr. Gold's agent. But there is no evidence shewing any direction by Mr. Sill, nor any approbation subsequently. The verdict against him, therefore, seems to be without evidence. It is urged, however, on the part of the plaintiff, that having pleaded jointly with Mr. Gold, he must share the same fate. There are cases where one defendant by joining in a plea with a co-defendant, loses the benefit of a defence good as to him if pleaded separately ; but those are cases of justification, either under a special plea or where a justification may be given in evidence under the general issue. This is not a case where a justification can be proved, unless pleaded or given notice of. So far as his defence consisted of a justification, Mr. Sill must abide the fate of Mr. Gold ; but before it is necessary for him to justify, the plaintiff must shew a cause of action upon the plea of the general issue. And it is well settled, that though several defendants plead jointly, one may be convicted and another acquitted. (14 *Johns. R.* 166.)

I am, therefore, of opinion that a new trial must be granted on payment of costs, unless the plaintiff consents to amend the verdict, by entering a verdict in favor of Mr. Sill,