## COURTLAND v. TARLTON & BULLARD.

1. One of the defendants wrote a letter to the plaintiff, from which it appears that the latter had demanded the payment of three notes which the defendants had given for his compensation in selling certain lots in Mobile: the writer of the letter endeavors to convince the plaintiff of the injustice of the requisition, by stating that but a small part of the purchase money had been collected, and proposes to pay him in proportion to the amount received of the purchasers: *Held*, that this letter was a refusal to comply with the plaintiff's demand, and an offer to pay what was believed to be right, evidently made with view to compromise, and consequently was inadmissible as evidence against the defendants.

2. Where a question of law, which should have been decided against the party excepting, is referred to the jury as an inquiry of fact, whose verdict

Courtland v. Tarlton & Bullard.

effects the proper result, the judgment will not be reversed for the irregularity.

3. Whether the admission of *facts*, in a written proposition to compromise, be admissible evidence, or not, it is not error to charge the jury, that if the paper was written with the view to a compromise, and the *promises* contained in it were made for that purpose, the defendant was not bound by them. Such a charge does not deny effect to the *facts*.

Writ of error to the Circuit Court of Mobile.

This was an action of assumpsit, at the suit of the plaintiff in error against the defendants. The facts of the case, so far as it is necessary to notice them, are substantially these, In the spring of 1836, the defendants engaged the plaintiff to sell for them three lots of land in the city of Mobile, agreeing to allow for his compensation what they sold for above certain limits prescribed; sales were made by the plaintiff for several thousand dollars more than the prescribed limits, and the purchasers notes passed to the defendants without objection; the defendants gave the plaintiff their three notes for his compensation under the contract, payable at six, twelve and eighteen months. The defendants had realized one-third of the amount of the sales, had released the purchaser in one instance, upon his giving up to them the property, and in the others had foreclosed mortgages upon the property purchased.

The plaintiff introduced letters of the defendants to him upon the subject of his claim, written in March, 1838 and January, 1841. On the first of May, 1838, the plaintiff brought a suit upon the three notes in the Circuit of the United States, and a verdict was returned for the defendants in April, 1839—the declaration being upon the notes only. It was shown on that trial that the purchasers had not paid for the lots, and that the defendants were not to pay the plaintiff until that was done; that the defendants gave their own notes to the plaintiff, because he said it would accommodate him by enabling him to obtain money on them.

The Court charged the jury, that if they believed the letter of March, 1838, was written with a view to compromise, and that the promises therein contained were made for the purposes of compromise, then the defendants were not bound by them; but if in the last letter written in 1841, and after the decision in the United States Court, other promises were made, these last

promises would bind the defendants. Whereupon the plaintiff excepted. The jury returned a verdict for the defendants, and a judgment was rendered accordingly.

K. B. SEWALL, for the plaintiff in error, insisted, that the admission of the defendants, in the letter of March, 1838, does not appear to be confidential, or made with a view to a compromise. If it was, the facts stated therein, would, notwithstanding, be admissible evidence. [2 Starkie's Ev. 22 ; Greenl. Ev. 224–5 ; 2 Pick. Rep. 290 ; 4 Id. 376 ; 4 Cow. Rep. 635 ; 5 Conn. Rep. 416–426 ; Anth. Rep. 190 ; 4 N. Hamp. R. 501–8–9 ; 2 Mass. Rep. 175.] And it is even competent to show that a sum of money was offered by way of the compromise of a claim tacitly admitted. [Greenl. Ev. 225 ; 4 Pick. Rep. 374 ; 4 Conn. Rep. 148 ; 1 Mood. & M. Rep. 446 ; 20 Johns. Rep. 576 to 590 ; 2 Phil. Ev. C. & H's notes, 218–9–221–2–3.] The admissibility of the letter was a question for the Court, with which the jury had nothing to do, and it was therefore irregular to refer it to them to determine its character, [Greenl. Ev. and notes ; 2 Peters' Rep. 25–44–121–137.]

J. A. CAMPBELL, for the defendant.—The plaintiff declares for a *quantum meruit,* and disclaims the intention to recover on the notes—adducing them merely, as evidence to show the excess of the sales above the limits prescribed by the defendants. The letter was evidently intended as a proposition to compromise, and was therefore inadmissible to show what the defendants offered to do. [2 Phil. Ev. C. & H's notes, 219, and cases there cited.]

COLLIER, C. J.—The letter in question was written by the defendant Tarlton alone, and commences with an acknowledgment of the receipt of the plaintiff's letters. The writer says : " In replying to that part of your letter which refers to T. & B's notes now unpaid, I would remark, that the consideration for which these notes were given, has in part failed. The property which you have sold to D. & A., only one note has been paid ; that sold to B., one note has been paid ; and that sold to R. not one cent has been paid." The question is then asked, if it would not be very hard for the defendants to be compelled to pay their three notes to the plaintiff, when the sale

of the lots made by him turns out to be unproductive. Avowing his desire to do what was right, the writer declares his willingness to pay him in proportion to the amount paid by the purchasers; more he thinks cannot be asked. Should any further sum be collected, he assures the plaintiff that he shall have his proportion. He then remarks, that the amount that the defendants owe the plaintiff, is a portion of the entire sum due from the purchasers, and that the latter never expected to be paid, if the defendants failed to make collections. That he infers from the tenor of the plaintiff's letter that the latter supposed the defendants had made full collections, undeceives him in that particular, and says that if he will instruct him, he will see the plaintiff's proportion paid at once.

The fair inference from this letter is, that the plaintiff demanded payment of the three notes which the defendants had given for the payment of his compensation in selling the lots. Tarlton endeavors to convince him of the injustice of such a requisition, and proposes to pay him in proportion to the amount collected of the purchasers. This was certainly a refusal to comply with the plaintiff's demand, and an offer to pay him what was believed to be right. What is this but a proposition for an adjustment, a promise made with a view to compromise. In this view it is unimportant whether the true character of the letter be a question of law or fact; for whether it be the one or other, the plaintiff is not prejudiced by its reference to the jury, but had an additional chance of success afforded; and cannot therefore aledge the irregularity as an error.

It is laid down, that an offer to do something by way of compromise, as to pay a sum of money, allow certain prices, deliver certain property, or make certain deductions, and the like, are inadmissible evidence against the party making them. This privilege it is said, is strictly construed; for if the proposition is not made expressly without prejudice, or, if it do not carry on its face the character of a peace offering, the privilege is gone. [2 Phillips' Evidence, C. & H.'s 218-9.] *Further,* both in England and America, the nature of the negotiation has been looked to; and that the offer has been intended to be without prejudice, has been inferred from its being plainly an offer with a view to compromise. " Offers of sums, prices, or payments, made during an attempt to compromise, are not ad-

missible, if not accepted." [Mills, J., in Evans v. Smith, 5 Monr. Rep. 363-4.] But it was said to be otherwise as to the existence of a fact. [See 2 Phil. Ev. C. & H.'s Notes, 219 to 223.]

The Circuit Judge did not instruct the jury to discard the independent facts stated in the letter of 1838; he very explicitly charged them, that if the letter was written with a view to a compromise, and the promises contained in it were made for that purpose, then the defendants were not 'bound by *them*. That the promises were not obligatory upon them, and not that the entire letter should be disregarded. It does not appear that the Court was asked to give more specific instructions. The letter we have seen indicated its true character upon its face ; the exposition of the law was correct ; and the judgment of the Circuit Court is therefore affirmed.