## BRANCH BANK AT MOBILE v. BOYKIN.

1. A binding promise by a certificated bankrupt to pay a debt previously owing by him, must be either unconditional, or if depending on a condition, it must be shown that the condition has been performed.
2. It is the duty of the court, when required to do so, to expound written testimony.

Error to the Circuit Court of Mobile.

The Bank moved for judgment against the defendant, and others, on a note for $10,662 58.

The defendant pleaded separately, that he had been discharged as a bankrupt, after the making of the note, and obtained his final certificate, the discharge operating from the 18th February, 1842.

The plaintiff replied, that after the filing of the petition, and after the discharge of the said Boykin, he assumed and promised to pay the note. The defendant rejoined, denying the matter set up in the replication.

To maintain the issue, the Bank introduced in evidence two letters from the defendant as follows :

*To the President and Directors of the Branch Bank at Mobile:*

Gen'm.—I have a relief note for $10,662 50, due on the 25th instant, on which I am prepared to pay the interest, and extend it for twelve months, to which I ask your acceptance.

Repectfully, B. Boykin,
per H. W. Blount.

Mobile, March 23, 1842.

*Mobile, March 25, 1843.*

B. Gayle, Esq. *Cashier:*

Dear Sir—On the 24th November, 1843, or thereabouts, I submitted to the then board of directors, a proposition in reference to the payment of my liabilities, where my name ap-

peared first as a principal, which was accepted, and of course became a contract between the bank and myself. I now, on my part, am prepared to comply with said proposition, and herewith tender you a check for the amount to be paid, to wit: $833, in the bank notes of your bank if preferred. Enclosed you will find my check on the Mobile Bank, where I have money. Please receive said amount, and apply the same upon the note embraced in the proposition referred to, to wit: a note for $10,662 58, signed by myself, John D. Bracey, and R. D. James. The note mentioned in proposition of mine, with the names of J. D. Bracy and M. Bracy, to be given in extension I am prepared to give.

Very respectfully,                              B. BOYKIN.

The plaintiff moved the court to charge the jury, that under the pleadings, it was competent for them to consider any evidence offered to show a reviving of the debt sued on, made by the defendant, at any time subsequent to the filing of the defendant's application for a discharge as a bankrupt, and that the first of the letters was proper evidence for their consideration; which charge the court refused, and charged the jury, that to make the defendant liable upon a mere promise, they must be satisfied, that after his discharge as a bankrupt he made a positive, and unconditional promise to pay the debt; to which the plaintiff excepted, and which is now assigned as error.

Fox, for plaintiff in error, contended, that a promise to pay the debt made after the filing of the petition, was sufficient, although previous to his obtaining his final discharge, and certificate, and that by a liberal interpretation, such was the issue tendered.

CAMPBELL, contra. The issue tendered was, that after the bankrupt's discharge, he promised to pay the debt. The evidence was of an offer to pay upon certain conditions. This was properly rejected, as it was not admissible under the plea. Where the promise is conditional, it must be shown that the conditions are performed. [1 Starkie, 370; 5 Esp. R. 198; 4 Camp. 206; 4 N. H. 316; 6 Ala. R. 776.]

41

ORMOND, J.—The replication seeks to avoid the effect of the bankrupt's discharge, by setting up a subsequent promise to pay the debt. We need not inquire whether a promise by the bankrupt to pay the debt, after the petition was filed, but before the final decree and certificate granted, would be sufficient; because, conceding such to be the law, the promise to be binding on the bankrupt, must be either an absolute, unconditional promise to pay, or if depending upon a contingency, or suspended upon a condition, it must be shown that the contingency has happened, or the condition been performed. To this effect are the English authorities, and such is the decision of this court in Dearing v. Moffitt, 6 Ala. R. 776.

The letter which the court excluded from the consideration of the jury, was clearly not an unconditional promise to pay the debt, but was merely a proposition to pay the interest due on the note, and "extend" it for twelve months. This proposition had relation to our *extension* laws, so called, by which time is given upon the execution of a new note with sureties. It was properly excluded, for two reasons. It was not relevant to the issue, which was, that there was a new promise to pay the debt, whilst this is a mere proposition to make a new contract. But if we were to expand the informal replication, so as to make it embrace the case of a conditional promise, then it was properly rejected, because there was not only no evidence that the condition was performed, but it is clear that the proposition was rejected by the bank. This is clearly established by the fact, that the original note is now sought to be enforced against the bankrupt, so that it is manifest the proposition of the bankrupt was rejected.

It was also urged, that the court should not have passed upon the evidence, but should have left it to the jury to determine, whether it was, or was not, proof of such a promise. It was both the province, and under the charge asked for, the duty of the court, to expound the written testimony, and we have seen that in the construction put upon it, it decided correctly, and its judgment must therefore be affirmed.