COLLINS v. FOWLER.

1. In an action for malicious prosecution in charging the plaintiff with a lar-ceny, it is no error for the court to charge that this taking, or crime, under

our statutes, must be with a fraudulent intent.  If the defendant supposed the facts in proof made out a case of embezzlement, or fraudulent conversion under the penal code, and wished instructions on that point, he should ask a specific charge.

2. When a justice issued a warrant for larceny, and the constable went to the house of the party, and informed his wife, the appearance and submission at the examination, is to be considered as an actual arrest, when the suit is against the prosecutor for a malicious prosecution.  The same effect is to be given to the order of a justice, that the party be in custody, when the officer is present, as well as the party—the latter submitting to proceed with the examination.

Error to the Circuit Court of Benton.

ACTION of malicious prosecution by Fowler against Collins. The allegation of the declaration is, that the defendant falsely, maliciously, and without any reasonable or probable cause, charged the plaintiff, before a justice of the peace, in Talladega county, with having stolen, taken and carried away two bales of cotton from the defendant's gin, with intent to steal the same.  Also, that under the charge, the justice issued his warrant, by means whereof the plaintiff was arrested and held in custody for a long space of time.

The defendant first demurred to the plaintiff's declaration, but his demurrer being overruled, he then pleaded not guilty.

At the trial, it was in evidence, that the defendant, on the .... day of January, 1844, went before a justice of the peace for Talladega county, and made oath, that on or about the 22d of December, 1843, two bales of cotton were stolen from his gin, and that he had good reason to believe the same were taken, carried away and stolen by the plaintiff. That the justice then issued his warrant for the plaintiff's arrest, on that charge, and put it in the hands of a constable to be executed.  Under this warrant, the constable went to the plaintiff's house, and communicated to his wife the fact. The plaintiff afterwards came to the house of the constable, who did not lay hands on him, but told him to meet him at the office of the justice of the peace, on the 9th of January, 1844.  On that day the plaintiff, without seeing the consta-

ble in the mean time, appeared before the justice of the peace for trial. The constable also was there, but not in company with the plaintiff. Objections were then taken by the plaintiff to the form of the proceedings, whereupon the justice, of his own motion, ordered the plaintiff to be in custody of the constable till new papers could be made out. The defendant then made another affidavit, charging that he had good reason to believe that the plaintiff, on &c. at, &c. did, with a felonious intent, take and carry away two bales of cotton then stolen from the plaintiff's gin. Another warrant was issued, which the constable returned he had executed it on the plaintiff on the 6th of the month, being a previous day. The plaintiff, defendant, justice, and constable remained at the place of trial, until the examination was concluded, and that was entered on immediately.

There was also evidence to show, that the defendant employed the plaintiff early in 1843 as overseer, and each had the right to determine the contract at pleasure. Both, on the 10th August, agreed to determine the contract, and the parties then settled. Some time afterwards, the defendant employed the plaintiff to make staves, cover a gin, and do some work in repairing a wagon and plantation tools, but he was no longer to be overseer. There was also evidence tending to show, that the plaintiff, while he was so living on the plantation of the defendant, took and carried away two bales of cotton, and sold and converted the same to his own use. On the same day the cotton was taken, or the day before the parties had a conversation about these matters, and defendant told the plaintiff there was the cotton out of which he was to be paid, and that he was entitled to two bales, and the half of another bale, besides some corn. The defendant lived some fifteen miles from the plantation, and was not there when the cotton was taken, but that was publicly disposed of by the defendant. It was also in proof, that the plaintiff was entirely irresponsible as to property or effects.

In the progress of the trial, the defendant asked a witness what the plaintiff had said in a conversation about the taking of the cotton. The witness answered, detailing a conversation which the defendant said was not the one which he wished to prove, and thereupon asked leave to withdraw it

from the jury. It does not appear whether this was granted or refused, nor is it stated that the defendant excepted.

The court charged the jury, that in order to have committed the crime of larceny under the statute law of this State they must be satisfied the plaintiff took the cotton of the defendant with a fraudulent intent to convert the same to his own use. The court also charged, that if the jury believed the facts in evidence, then the plaintif had made out a case of actual arrest.

The defendant excepted to these charges, and they are here assigned as error, as is also the overruling of the demurrer to the declaration, and the refusal to allow the defendant to withdraw the evidence of the plaintiff's declarations.

F. W. Bowden, for the plaintiff in error, insisted—

1. It is not necessary under the *statute*, but was at *common law* to prove a fraudulent *taking*. Embezzlement, or the fraudulent conversion of property, are made offences by the penal code. [2 Russel on Crimes, 92 to 95 ; Digest, 421, § 31.]

2. The second charge cannot be sustained, as the facts shown do not make out a case of arrest. [State v. Carter, 1 Hayw. 471, 3 Black. Com. 288, Foster v. Collamer, 10 Verm. 466 ; Allen on Sheriffs, 96 ; Pike v. Hanson, 9 N. H. 491 ;2 Ib. 318; 1 Salk. 79 ; 4 B. & P. 211 ; 3 Camp. 139 ; 13 E. Com. L. Rep. 391 ; 12 Ib. 238, 284 ; 7 Burn's Justice, 213; 1 P. Dig. 252, § 4.

3. But if it be considered an actual submission constitutes arrest, as held in Gold v. Bissel, 1 Wend. 210 ; Stout v. Grock, 8 Greenl. 127: 2 Esp. N. P. 374, then the intention to submit was proper to be left to the jury. [Costillo v. Thompson, at this term ; Paul v. Meek, 6 Ala. Rep. 153.]

S. F. Rice, contra, insisted—

1. The court was perfectly correct in the first charge, as the statutory offence of larceny is precisely the same as at common law. Embezzlement and fraudulent conversions are distinct statutory offences, and did not enter into the charge of the court.

2. It was necessary in this action to prove an arrest, as the

malicious prosecution is the injury complained of, but if necessary to be proved, the submission to the constable is equivalent to actual imprisonment. [Gould v. Bissel, 1 Wend. 215; Buller's N. P. 62; Cowp. 64; State v. Combs, 1 Hayw. 471.]

GOLDTHWAITE, J.—1. The offence of larceny, as recognized and declared in the penal code—Dig. 425, § 55 to 59—is not materially different from what it was at common law. Embezzlement and fraudulent conversion of property, by an agent having its custody, are offences of a kindred nature with the crime of larceny, but certainly cannot be considered as included under that term. We think there was no error in the definition of the crime given to the jury, and if the defendant wished the court to instruct, that the plaintiff was guilty of a fraudulent conversion, or embezzlement of the cotton, under the circumstances in proof, he should have requested a particular charge to that effect.

2. On the other point in the cause, we consider the submission of the plaintiff to the warrant, as entirely equivalent to an arrest, so far as that question is involved in this form of action. In Buller's N. P. 63, it is said the submission to an officer having a warrant, is an arrest, and that too when the parties were proceeded against for a rescue. In Gould v. Bissell, 1 Wend. 210, the action was false imprisonment against a party suing out a warrant to arrest the plaintiff in a civil suit, and it was held the submission of the party to the officer was an arrest, although no actual caption was made. In this case it was shown the justice of the peace ordered the plaintiff in custody, the constable returned the warrant as executed, and the party submitted to go on with the examination under the warrant. These facts admit of but one construction, and that is, that the plaintiff considered himself, and was so considered by all present, as in the custody of the officer then present. For all the purposes of this action, he was under actual arrest, and no inference injurious to the defendant, could have been the consequence of the charge.

The other points raised by the demurrer, and by the bill of exceptions, are not pressed, and require no consideration.

Judgment affirmed.