## LONG *vs.* ROGERS.

1. A charge, falsely and maliciously prefered, that will authorise a justice to issue his warrant and have the accused brought before him for examination, touching a matter that will subject him to a criminal prosecution, is sufficient to sustain an action on the case for a malicious prosecution, without regard to the grade of the offence, or the technical form in which the charge is prefered.

2. The unlawful taking and detaining of a person, without his consent, will support an indictment for assault and battery.

3. It is not necessary in a declaration for a malicious prosecution to describe by name the offence with which the plaintiff was *charged,* nor to draw the legal conclusion resulting from the act of the prosecutor.

4. An averment in a declaration for a malicious prosecution of an examination of the plaintiff before a justice of the peace, touching the alleged offence, and a discharge by him therefrom, is a sufficient averment that the prosecution is ended.

5. It is competent for the plaintiff, in an action for a malicious prosecution, to disprove the charge prefered against him by the defendant, for the purpose of showing the want of probable cause and to raise the presumption of malice.

6. Where the charge, upon which an action for a malicious prosecution is founded, is that of unlawfully taking away and detaining the defendant's daughter without her consent, the declarations of the daughter made about the time of the alleged abduction, conducing to show her willingness to go, are admissible as part of the *res gestæ.*

7. It is the duty of the court, when requested, to expound any written instrument, that is in evidence before the jury, and a refusal to do so is erroneous.

8. Where an error is shown to have been committed by the court below against the party complaining, the judgment will be reversed, unless it satisfactorily appears that no injury has resulted therefrom.

Error to the Circuit Court of Butler. Tried before the Hon. Nathan Cook.

THIS was an action for a malicious prosecution and was instituted by the defendant against the plaintiff in error. The declaration, which is fully set forth in the opinion of the court, was demurred to, but the demurrer was overruled. By the bill of exceptions it appears, that the plaintiff below introduced in evidence an affidavit, made by the defendant before a justice of the peace, charging the plaintiff and others with having taken his daughter from his premises and detained her without her consent, and the warrant issued thereon; and proved his arrest, trial and discharge. He then offered to prove by a witness, Briggs, that, before the daughter left the premises of the defendant, he had carried messages from her to Leaird, one of the persons charged in the affidavit and warrant, and from him to her, tending to show a willingness on her part to run away with Leaird, and also to prove what those messages were, to which the defendant objected, but the objection was overruled and the testimony allowed to be given.

The court refused, at the request of the defendant, to state to the jury the offence with which the affidavit charged the plaintiff, or to instruct them that they must look to the affidavit alone to ascertain what that charge was, but charged them that they might look to the affidavit and all the circumstances and determine for themselves, what the charge was, which the defendant had prefered against the plaintiff. To the ruling and charge of the court and to the refusal to charge as asked, the defendant excepted, and now assigns them as error.

ELMORE & YANCEY, for the plaintiff:

1. A demurrer to a plea opens the preceding pleadings; and the court will then look to the plaintiff's right to recover on the matter set out by him.—1 Chitty's Plead. 668; Cummins v. Gray, 4 Stew. & Porter, 397.

2. The charge prefered against the plaintiff, as shown in the declaration, is not known as a criminal offence, either to the statute or common law.

3. The term "free person" in the 24th section of chapter 3d of the criminal code, means a free black—construed in connection with the succeeding sections 25, 26 and 27, and from the use of the term "person" to designate a white person, in our

constitution, and other parts of the criminal code, such would appear to be the meaning.

4. This action can only be supported for a malicious prosecution, or some legal proceeding, before a court competent to try the issue. If the proceeding is *coram non judice*, the remedy is trespass.—Duckworth v. Johnson, 7 Ala. 578—see 2d Chitty Plead. marg. p. 608, note y.; McNeely v. Driskill, 2 Blackf. 259; Turpin v. Remy, 3 ib. 210; 3 Esp. Rep. 165-6; Leigh v. Webb, ib. 165; 1 Chitty Plead. marg. p. 133; Bodwell v. Osgood, 3 Pickering, 379.

5. The declaration should aver in plain terms, that defendant charged plaintiff with a criminal offence, by the name or description given to it by law. A mere statement of the acts of the defendant, without drawing the legal conclusion from them, is cause for demurrer.—1 Chitty Plead. 304; Turpin v. Remy, 3 Blackf. 210.

6. It is necessary to aver that the prosecution is at an end.— 1 Chitty Plead. marg. p. 679; Ragsdale v. Bowles, 16 Ala. 62; 2 Greenl. Ev. § 452; Chitty's Forms, (2d vol.) 606; Smith v. Shackleford, 1 Nott & McCord, 36; Morgan v. Hughs, 2 Term Rep. 226.

7. A warrant issued by a magistrate for an offence not charged in the affidavit of defendant, will not authorise this action, in the absence of proof that defendant urged its issuance.—McNeely v. Driskill, 2 Blackf. 259; Bennett v. Black, 1 Stew. 494.

8. The declarations, or conversations of Sarah Ann and of Leaird, as detailed by Briggs, were in the nature of hearsay and inadmissible.—Phillips' Ev. 1 vol. p. 229, n. 432; Ib. (2 vol. part 1, note,) 444; Fitch v. Chapman, 10 Conn. 8; Woodward v. Paine, 15 Johns. 493.

9. The affidavit made by defendant, not only did not charge plaintiff with being about to carry Sarah Ann out of the State, " forcibly and against her will," but expressly made that complaint against Leaird. That part of the charge asked should therefore have been given by the court.

10. The construction of written instruments in evidence is solely the duty of the court.—Branch B'k Mobile v. Boykin, 9 Ala. 320; McCoy v. Lightner, 2 Watts, 347; Fowle v. Bigelow, 10 Mass. 384; Moore v. Miller, 4 Serg. & R. 279; Watson v. Blaine, 12 ib. 131.

WATTS, for the defendant:

1. The declaration was good; the charge as shown by the declaration, made by Long against Rogers, if it does not amount to *abduction* under the statute, does charge the commission of an assault, or assault and battery—*a false imprisonment*—and this is sufficient to authorise *case* against the prosecutor.—See Randall v. Henry, 5 Stew. & Porter, 367, *which* in *principle* cannot be distinguished from this—see, also, Morris v. Scott, 21 Wend. 281; Wood v. Weir et al. 5 B. Monroe, 544; Secor v. Babcock, 2 Johns. R. 203; Stone v. Stevens, 12 Conn. 219. It is only necessary to set forth the offence charged in the affidavit.—See 1 Stew. & Por. 258.

2. The facts stated in the declaration show clearly that the prosecution was ended, and the prisoner *discharged*. The word *acquitted* applies solely and technically to the action of a petit jury: *discharge* is the proper *word* when used in reference to a judge or justice.—See Ragsdale v. Bowles, 16 Ala. 62. The declaration shows that Rogers was discharged after *judicial investigation*, and it shows what was the character of that investigation.—See Ragsdale v. Bowles, *supra*. *Discharge* by justice sufficient.—See Lages v. Briggs, 4 Metc. 421; Clarke v. Cleveland, 6 Hill, 344; Murray v. Luckey, 2 Murph. 368; Watt v. Greenlee, 2 Hawks, 186; 4 ib. 83; Johnson v. Martin, 3 Murphy, 248; Leedig v. Rawson, 1 Scam. 272; Miller v. Brown, 3 Miss. 127.

3. The testimony of Briggs was clearly admissible, for it tended to negative directly the charge made in the affidavit of Long. The declarations of the the daughter at that time constituted a part of the *res gestæ*, and perhaps in no other way could the willingness or unwillingness of the daughter, or lawfulness or unlawfulness of the taking be *proven*.—See Rembert & Hall v. Brown, 14 Ala. 360.

4. The court was not *bound* to construe the affidavit. If the plaintiff in error desired the construction of the court, he ought to have asked a specific charge on that subject. He ought to have asked the court to charge that the affidavit did not support the allegation in the declaration in reference to this matter. It is clear, however, that either the affidavit or warrant, which are both made a part of the bill of exceptions, does support the allegation of the declaration; so far as the charge made by Long

is concerned, the affidavit and warrant agree substantially. The charge given then was favorable to the plaintiff in error; at any rate, it could not possibly have done him any harm, and therefore *he* cannot complain.

CHILTON, J.—This was an action on the case for a malicious prosecution. The declaration, the sufficiency of which is called in question by the pleadings, contains but one count, and substantially avers that the defendant, maliciously intending to injure the plaintiff, &c., on the thirty-first day of August 1848, in the county of Butler, falsely and maliciously, and without any reasonable or probable cause therefor whatever, charged the plaintiff with having (in connection with others) on the night of the 28th day of August, A. D. 1848, unlawfully taken from the premises of said defendant his, the said defendant's, beloved daughter Sarah Ann, and that the said defendant had good reason to suspect that the said Sarah Ann was confined away from her parents, with intent to carry her out of the limits of this State, against her will and consent, and upon such charge thus causelessly prefered, the defendant maliciously &c. caused the plaintiff to be arrested by his body and to be detained in custody before one Shagard, an acting justice of the peace, in that behalf duly qualified to hear and determine the cause &c., and then and there before said justice of the peace, falsely and maliciously and without any reasonable or probable cause, accused the said plaintiff of the said crime. The declaration then avers the issuance of the warrant by said justice at defendant's instance, the arrest by an officer under it, and imprisonment twelve hours, his examination before such justice upon the charge alleged, upon which examination, it is alleged, "there being no reasonable or probable cause against the said plaintiff, he, the said plaintiff, was then and there discharged by the said justice from such imprisonment, and out of custody from said charge: By means of which," &c. &c.

The first objection taken to this declaration is that the charge made by the defendant before the justice against the plaintiff, as set forth in the count, does not constitute a criminal offence as known either to the statute or common law. It is unnecessary for us to go into an inquiry to ascertain whether the facts set out as constituting the charge made against the plaintiff

Long v. Rogers.

would, if true, make the party guilty of any of the statutory offences against abduction of children or kidnapping. It is altogether sufficient, so far as concerns the maintenance of this action, if the charge falsely and maliciously prefered be such as authorises the justice of the peace in the legitimate exercise of his jurisdiction to issue his warrant and cause the party to be arrested by his body, and brought before him for examination, touching a matter subjecting the party accused to a criminal prosecution or indictment. It matters not whether the charge be for a felony or misdemeanor, except as affecting the damages to which the party may be entitled. In prosecutions for the former (felonies,) we know, most usually the party's loss of reputation forms not an inconsiderable circumstance before the jury in the estimation of the damages; whereas in cases of misdemeanor it may not be at all involved. If the charge prefered involved no violation of the criminal laws of the State, upon which the justice might well issue his warrant for the apprehension and arrest of the accused, then, it is said, that this is not the proper form of action; the justice would have had no jurisdiction of the case, and both he (if he acted corruptly) and the party who procured him to act, would be liable in trespass, not case.—Johnson v. Duckworth, 7 Ala. Rep. 578, and cases there cited. We however have no hesitation in saying that the complaint, as set out in the declaration upon which the justice of the peace issued his warrant, does embrace an offence for which the justice might well have bound the plaintiff to have appeared at the next Circuit Court, if the evidence had sustained it, to have answered an indictment for an assault and battery upon the person of the prosecutor's daughter, alleged to have been unlawfully taken from his premises and detained without her consent.—1 Saund. Pl. & Ev. 104; 1 Saund. Rep. 14, note 3; ib. n. c. (6 ed.); Bouv. L. Dic., title Battery. In Randall v. Henry, 5 S. & P. 367, our predecessors held that information charging any offence for which a party may be arrested and prosecuted, will furnish ground for an action of malicious prosecution irrespective of the grade of the offence charged, or of the technical accuracy of the warrant issued thereon.—Ib. 380,.

The second objection made to the count is that the declaration merely sets out the facts, but does not describe the offence by name for which the party was prosecuted, nor draw the legal

conclusion from the acts of the prosecutor. The general rule of pleading requires that facts only are to be stated, and not arguments or inferences or matters of law.—1 Chitty's Pl. 214, 221, 540; 1 Saund. Pl. & Ev. 415; 5 Term Rep. 623. This objection cannot be sustained. The case of Turpin v. Remy, 3 Blackf. Rep. 210, which seems to require that the declaration in such case should state the offence for which the plaintiff was prosecuted by the technical name or description given to it by law, is not supported by any authority cited, and in our judgment is opposed to the current of decisions upon that point.

But it is insisted that the declaration is defective in not showing that the prosecution is at an end; that the averment of the plaintiff's discharge before the magistrate is insufficient to warrant this action. It is certainly necessary for the declaration to show that the prosecution is ended, (1 Chit. Pl. 679, ib. 133,) and if it merely show that the prosecutor caused the plaintiff to be released and set at liberty, and that said prosecutor wholly abandoned said prosecution, this is not sufficient, as we held in Ragsdale v. Bowles, 16 Ala. Rep. 62. It does not show that the case or prosecution was ended, for the court or justice before whom it was pending might, notwithstanding the prosecutor's unwillingness, proceed upon the case, if he deemed the public interest required it. But such is not the case before us. Here the declaration avers a prosecution before a justice, an examination before him into the alleged causes of complaint, and that the magistrate in the exercise of a rightful jurisdiction discharged the party. This ends that prosecution. The party, if improperly discharged, may be held to answer an indictment for the same offence, but this is matter which the defendant should avail himself of, and it is not incumbent on the plaintiff to aver that no indictment was ever found upon the charge, or proceeding had thereon in any other court. We think a discharge by the justice of the peace, upon an examination into the alleged causes of the plaintiff's arrest, is altogether sufficient. Nothing further can be done with that prosecution. The party being discharged by the justice puts, as the books call it, *an end* to the prosecution. This view is fully sustained by a very well considered case in the Supreme Court of New York, in which Cowan, J. says—"the technical pre-requisite is only that the particular prosecution be disposed of in such a manner that it cannot be

revived, and the prosecutor must be put to a new one."—Clark v. Cleaveland, 6 Hill's Rep. 344-7. The cases on the brief of the defendant's counsel sufficiently show that this averment is sufficient. Besides, there are several cases in our own court where actions of the kind have been maintained, but the specific objection does not appear to have been directly presented. In Collins v. Fowler, 10 Ala. Rep. 858, a demurrer was interposed to the declaration, but the court merely say the points were not pressed at the bar, and required no consideration. It is said, "the sting of such actions is *malice* and *falsehood*, and the injury done in pursuance thereof."—Smith v. Cottrell, 2 Wils. 376; Morris v. Scott, 21 Wend. 281; Elsee v. Smith, 1 Dowl. & Ryl. 97. There must be "malice either express or implied, want of probable cause, and an injury sustained by the plaintiff, on account of the malicious prosecution, in his person by imprisonment, his reputation by the scandal, or in his property by the expense.—Selw. N. P. 1079; Clark v. Cleaveland, 6 Hill, 348. The essentials concur in the declaration before us, and the party avering his discharge upon an investigation of the grounds upon which the prosecution was instituted, the declaration is good, and the demurrer to it was correctly overruled.

It was certainly permissible for the plaintiff below to introduce evidence to disprove the allegations in the complaint made by the defendant below to the justice. Such proof would show the want of probable cause, and raise the presumption of malice. Upon this principle of law, we think it was permissible to prove the declarations of the daughter of the prosecutor made shortly before her alleged abduction to Briggs, to be communicated to one of the parties jointly prosecuted for taking her off, showing her willingness to go. The bill of exceptions says they were made before her departure, and as it does not disclose how long before, upon the established rule for construing bills of exceptions most strongly against the party excepting, we are bound to fix the declarations at that time before her departure which would render them legitimate. Now, suppose that the daughter had requested Briggs to inform Leaird of her willingness to run away with him and to make certain preparations for the elopement; that at the time and in the manner agreed on, Leaird, in company with or aided by the other persons named in the prosecutor's affidavit, had gone to the house of the prosecutor,

and she had gone with them; would not her declarations, made, it may be, an hour before she left, be evidence to show that she was not forced off against her consent? We are clearly of opinion that they would. They would be a portion of the *res gestæ*, and explanatory of the object as well as the manner of her leaving, and tend to exculpate the plaintiff and his associates from all criminal intent, or at least from the offence charged in the affidavit and warrant of taking her unlawfully and detaining her against her consent. The declarations, or messages, as they are called in the bill of exceptions, are not set out, so that we could form any idea of their character or relation to the fact which they are offered to explain; but enough is shown to make them relevant. They cannot be regarded as mere hearsay, but they constitute original evidence of the condition of the declarant as to her willingness or unwillingness to go with Leaird, and as the defendant himself charges the plaintiffs jointly with Leaird with the unlawful act, facts which would be explanatory of their conduct, and which show that they were guilty of no violation of the criminal law, were properly admitted.

In respect to the charges given and those refused by the court, it is only necessary to say that it is the duty of the court to expound the written testimony in the cause when requested so to do, (Br. Bank at Mobile v. Boykin, 9 Ala. 320); and if, being called upon to expound and construe it, the court refuse, and charge the jury that they might judge for themselves what the true meaning of the writing was, it is erroneous. The position that the jury must look alone to the affidavit to see what charge was prefered against the plaintiff cannot be sustained; but this does not affect the question as to the right of the plaintiff to have the court to expound the affidavit. But it is said that the party has not been injured by the court having refered the question of law to the jury—that they have decided it correctly.—8 Ala. Rep. 532. We cannot say how the jury decided it. They found against the party who asked the court to construe the writing, and for aught we can tell, they infered from the affidavit that the defendant below prefered the charge against the plaintiff that he was abouut taking the daughter of the prosecutor out of the State, whereas Leaird is the only one of the persons prosecuted against whom this charge was prefered. We can readily see how giving the affidavit this construction would have an in-

fluence on the question of damages, and therefore cannot say the defendant was not injured.—See Haggerty v. Bradford, 9 Ala. Rep. 567; Ex'rs of Roberts v. Allen, 16 ib. 106.

The judgment, for this error, must be reversed and the cause remanded.