SEARLS v. VIETS *et al.*

*Arrest — what constitutes.*

To constitute an arrest which if unlawful is sufficient to maintain an action for false imprisonment, an actual manual touching of the body is not required, but only whatever is equivalent amounting to a restraint of liberty of the person.

In an action for false imprisonment it appeared that R., a constable, having a warrant for plaintiff and his sons, issued by a justice, met the plaintiff and one of his sons in a wagon. R. said: "I have a warrant for you and your two sons." Plaintiff asked for what. R. replied, "for stealing pumpkins." Plaintiff started to get out of the wagon, and R. said: "You can go home and get your horses put up and take your tea and come down." Plaintiff went home, took his tea, employed a lawyer, and with him and his two sons went to R.'s, and calling out R., said, "Here's your prisoners." R. said: "You move on and I will overtake you." They went on, and R. overtook

Searls v. Viets.

them as they got to the house of the justice. The matter was then, after discussion, adjourned to another day, without bail, and on the adjourned day the plaintiff appeared, an examination was had, and the justice discharged the case. *Held*, that the evidence showed an arrest of the plaintiff.

MOTION by the plaintiff for a new trial on exceptions ordered to be heard in the first instance, at the general term. The action was for false imprisonment. The defendant Viets is a justice of the peace. One Becroft, at the request of the other defendant, Cronk, made an affidavit upon which Viets, the justice, issued a warrant for larceny against the plaintiff and two of his sons. Cronk delivered the warrant issued by Viets to the constable, and at the time made remarks of a threatening character against the plaintiff. The affidavit upon which the complaint was made set forth no offense. The warrant was defective, and the justice had no jurisdiction of the case. On examination, he dismissed the complaint.

This action was brought December 16, 1869. It was tried, and the plaintiff had a verdict, which was brought before this court for review, and a new trial was ordered at January term, 1872. Upon the second trial the plaintiffs were non-suited, in obedience to the ruling of the general term, that no arrest had been made of the plaintiffs under the warrant. The other necessary facts appear in the opinion.

*Esek Cowen*, for plaintiff.

*R. A. Parmenter*, for defendant.

P. POTTER, J. This is an action in which the plaintiff claims to recover damages for being falsely imprisoned by the illegal acts of the defendants. If the plaintiff was imprisoned, it was a technically constructive imprisonment, not an actual and manual restraint of liberty and locomotion by actually seizing his person. But, perhaps, a constructive arrest is sufficient to sustain an action for false imprisonment. The single question, then, in this case, is: Was there a constructive imprisonment of the plaintiff by the constable Rice, to whom the warrant in question was delivered? When this matter was here before, upon not so strong a case, yet substantially upon the same evidence, the case was then quite imperfectly presented. This court then held, that upon the authority of *Arrow-*

*smith* v. *Messurier*, 2 Bos. & Pull. N. R. 211, and *Berry* v. *Adamson*, 6 Barn. & Cress. 528, an arrest had not been proved. It is claimed now that by the American authorities the law is otherwise, and we are asked to review our ruling upon authorities then overlooked. We do not decide it upon this ground.

I have not been able to find any real conflict between English and American authorities as to what constitutes an arrest. By all the authorities a person may, or may not be arrested, without a manual or actual touching by the officer. Each case must depend upon its own peculiar circumstances. Bare words alone will not make an arrest, if the party resists the arrest.

This was held in *Genner* v. *Sparks*, 1 Salk. 79. Genner, a bailiff had a warrant against Sparks, and went to him in his yard, and told him he had a warrant for him, and said, "I arrest you." Sparks had a fork in his hand, and kept the bailiff from touching him. Neither the power to arrest, nor the words, "I arrest you," made an arrest; but the court said, if the bailiff had touched him, that had been an arrest, and the bailiff might have pursued him, broken open his house, or had an attachment and rescous against him. See, also, *Russen* v. *Lucas*, 1 C. & P. 153; *Chinn* v. *Morris*, 2 id. 360. In another case, however, in *Horner* v. *Battle*, Bull. N. P. 62, it was held that the words, "you are my prisoner," "I have a writ against you," was a sufficient arrest, where the prisoner submitted, turned back and went with the officer, though there was no touching; but it was also said, if the defendant, instead of going with the bailiff, had fled from him, the words and the warrant would not have made an arrest. To the same effect, see, also, *Pocock* v. *Moore*, Ryan & Moody, 321.

In the case of *Arrowsmith* v. *Messurier*, Sir JAMES MANSFIELD, Ch. J., says: "I suppose an arrest can take place without an actual touch," and refers to the case of *Williams* v. *Jones*, Cas. Temp., Hard. 298, where a bailiff comes into a room and tells the defendant he arrests him and locks the door; that is an arrest without touching, for he is in the custody of the officer. "But," (the Ch. J. remarks) "here the plaintiff went voluntarily before the magistrate. The warrant was made no other use of than as a summons. The constable brought a warrant, but did not arrest the plaintiff."

So the case of *Berry* v. *Adamson, supra*, "A sheriff's officer, to whom process was given, sent a message to the defendant and asked him to fix a time and call and give bail, and he accordingly fixed a

time, went and gave bail. *Held*, that this was not an arrest, although the party suing out the writ had no cause of action. And, it was said, that an action for the arrest would not lie." Lord Ch. J. TENDERDEN held that the plaintiff had been neither *actually* or *constructively* arrested.

The American authorities, which are claimed to be in conflict, are *Gold* v. *Bissell*, 1 Wend. 210. In this case the constable took the warrant, went to Bissell and informed him what he had. Bissell submitted without a manual touching; went with the constable about half a mile; procured a person to become his bail next day, and did appear and give bail. The court, per Ch. J. SAVAGE, say, " We understand the law to be well settled, that *no manual touching of the body* is necessary to constitute an arrest and imprisonment. It is sufficient if the party be within the power of the officer and submits to the arrest." I am unable to see any conflict between the English cases and this.

So, too, the case of *Mowry* v. *Chase*, 100 Mass. 79. In this case there was a conflict of fact before the jury, as to an arrest; the defendant swearing that the officer did not make the arrest, but only informed him he had a writ; that he then inquired for the plaintiff, and was informed that he was outside of the railroad station; that he then went and settled the affair. The officer swore that, upon defendant being pointed out to him, he stepped up to him, put his hand on his shoulder, and told him he had a precept for him, and read the writ to him; the defendant asked him what he was to do, and the officer told him he must either give bail or he would commit him to jail, etc. Upon this conflict of fact it was submitted to the jury, and the judge charged that no actual force or manual touching of the body was necessary to constitute an arrest; that if the officer had a precept which authorized an arrest, and gave defendant to understand *that he was arrested thereon, or under restraint,* and if the defendant did so understand and submitted to the custody and control of the officer, and the defendant's movements were directed by the officer, no matter for how short a time, this was a legal arrest. On appeal, the court held this charge to be sound. The jury found an arrest. This authority, it seems to me, sustains as well the English cases, as also the case in Wendell.

We are also referred to *Pike* v. *Hanson*, 9 N. H. 491. That was the case of an officer, with a collector's warrant for the pay-

ment of taxes, with power of arrest. He called upon the plaintiff, after having given her due notice; being in the room with her, called upon her to pay her tax, which she declined doing until arrested. *He then told her he arrested her*, but did not lay his hand upon her, and thereupon she paid the tax. In an action for false imprisonment, the case being carried to the court in bank, all the English authorities above cited, as well as the case of *Gold* v. *Bissell*, in 1 Wend., were reviewed, and this was held to be a sufficient arrest to sustain an action. The judge questions, but does not condemn. *Arrowsmith* v. *Messurier.* He distinguishes it from the other cases, by saying there was no declaration of arrest by the officer, and that the warrant was, in fact, only used as a summons, and says, if it cannot be sustained upon this distinction, it must be regarded as of doubtful authority. The case of *Emery* v. *Chesley*, 18 N. H. 202, adopts the law as laid down in the preceding case.

It is seen, upon a review of the preceding cases, though each differs from the others, that but one rule can be laid down as to what "constitutes an arrest, which, if unlawful, is sufficient to maintain an action for false imprisonment." I think, by the modern practice, as drawn from the cases, that an actual manual touching of the body is not required, but only whatever is equivalent, amounting to a restraint of liberty of the person, as when the officer or other person claims the right to exercise the power of arrest, is in possession of a precept which authorizes or directs an arrest, and gives notice of the intention to execute it; or, if the officer goes for the purpose of executing his process, and has the party in his presence and power, if the party so understands it, and in consequence thereof submits, and allows the officer to direct his movements without resistance, as by going before a magistrate by direction of the officer; that amounts to an arrest, though the officer did not touch his body.

Applying the facts of the case at bar to this proposition, as the case now appears, on the second trial, I think a constructive arrest was made; an arrest sufficient to sustain the action was made out. The constable, Rice, had a warrant for the plaintiff and his two sons, and, according to the testimony of the plaintiff, which we must assume to be true, on a motion to nonsuit, he, the plaintiff, and one of his sons were passing the constable's place, when the constable came out and said, "I have a warrant for you and your two sons." "I asked him for what?" he said, "for stealing pumpkins."

*   *   *   "I got off the seat and got my foot on the wheel to come off."   *   *   *   He said, "you can go home and get your horses put up and take your tea and come down." The plaintiff then went home, took tea, employed a lawyer, and, with him and his two sons, went down to the constable's. Plaintiff called him out. Says I, "Rice, here's your prisoners."   *   *   *   He (after going back), says to me, "you move on and I will overtake you." "We moved on, slowly, and when we got out to the corner of the plantation, where Mr. Viets (defendant, the justice who issued the warrant), lived, he overtook us. We went in together." After some discussion before the justice, the matter was adjourned to another day, without requiring bail. On the adjourned day, the plaintiff appeared. An examination was had upon testimony of witnesses, and the case was discharged. The case is now stronger than it was before in favor of the plaintiff. I think that what was done was equivalent to an arrest, that a constructive arrest was made by the constable, and that the judge at the circuit erred in dismissing the case, at least as against the defendant Cronk.

The result is, that a new trial must be granted; costs to abide the event.

*New trial granted.*

MILLER, P. J., concurred.