Filed May 28, 1891.

---

### No. 167.

### HUNT v. JONES.

BANKRUPTCY.—*Revival of Debt Discharged by.—New Promise.*—A promise in these words: "I will pay the note," is a sufficient new promise to revive a debt discharged by bankruptcy.

SAME.—*Agent of Creditor.*—The discharged debtor may be bound by a new promise made to an agent of the creditor.

From the Jefferson Circuit Court.

*W. W. Herod, W. J. Buckingham* and *E. F. White,* for appellant.

*K. M. Hord* and *E. K. Adams,* for appellee.

BLACK, J.—The appellee sued the appellant upon a promissory note made by the latter and endorsed to the former by the payees.

The appellant pleaded his discharge in bankruptcy subsequent to the date of the note.

The appellant's demurrer to the appellee's reply was overruled, and that ruling is assigned as error.

The reply admitted the discharge in bankruptcy, and alleged that, on the 20th of October, 1880, after said discharge, the appellant paid upon the note the sum of thirty-five dollars, and requested that the note be credited therewith, and then and there promised and agreed with the payees of the note that he would pay the residue of said note, in the following words:

"Here is a cow; I want you to take and credit me with the price, thirty-five dollars, on the note, and I will pay the remainder as soon as I can. The cow is all I can pay now; I will pay the residue as fast as I can; you did me good service, and I will pay the note."

It was further alleged, that again, in the year 1887, the appellant said to the appellee's agent, upon the presentation of the note: "I will pay the note," which promise the appellant "has renewed upon divers and sundry times, places and occasions since said date; whereby said debt was renewed and taken out of the operation of the said bankrupt law of the United States."

It is our opinion that the promise alleged to have been made in the year 1887 was sufficient to revive the debt. It was an express promise, absolute and unconditional, distinct, clear and unequivocal. It bound the discharged bankrupt to pay the unpaid balance of the note. *Meech* v. *Lamon*, 103 Ind. 515; *Branch Bank* v. *Boykin*, 9 Ala. 320.

The new promise need not be made to the holder of the debt, though it must refer to the debt. *Bennett* v. *Everett*, 3 R. I. 152.

The discharged debtor may be bound by a new promise made to an agent of the creditor. *Pratt* v. *Russell*, 7 Cush. 462.

It has been held that the promise may be binding though

not made to the creditor or his agent. *Evans* v. *Carey*, 29 Ala. 99 (110), and cases there cited.

Having ascertained that there was no error in the overruling of the demurrer, we deem it unnecessary to discuss or decide the questions involved in the transaction and promise of the 20th of October, 1880, stated in the reply.

The cause was tried by the court, and a special finding was rendered. The appellant excepted to the conclusions of law stated by the court. He also moved for a new trial, and the motion was overruled.

It is assigned that the court erred in its conclusions of law, and in overruling the motion for a new trial.

The appellant, in his brief, assumes to discuss these assignments together, but expresses no objection to the conclusions of law. He insists that a certain statement of matter of fact in the finding of facts is not sustained by sufficient evidence. In support of this position his references to the evidence and his argument merely invite consideration of conflicting testimony, and seek our decision as to the preponderance of the evidence. It is not within our province to weigh conflicting testimony.

Appellant also expresses the opinion that certain evidence was not entitled to consideration because not admissible under the issues.

For the orderly presentation of such a matter the appellant should have saved and brought up on appeal an exception to the admission of such evidence.

The judgment is affirmed, with costs.

Filed May 29, 1891.